**Frederick H. DAMBACH, Claimant–Appellant,**

v.

**Hershel W. GOBER, Acting Secretary of Veterans Affairs, Respondent–Appellee.**

No. 00–7021.

United States Court of Appeals, Federal Circuit.

Sept. 8, 2000.

Frederick H. Dambach, Lakewood, New Jersey, pro se.

Erin E. Powell, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, for respondent-appellee. On the brief were David W. Ogden, Assistant Attorney General; David M. Cohen, Director; and Mark A. Melnick, Assistant Director.

Before MAYER, Chief Judge,
ARCHER, Senior Circuit Judge, and
LINN, Circuit Judge.

MAYER, Chief Judge.

Frederick H. Dambach appeals from the August 3, 1999 judgment of the United States Court of Appeals for Veterans Claims, Docket No. 98–356, affirming-in-part and remanding his appeal to the Board of Veterans' Appeals to determine whether an independent medical examination was conducted pursuant to 38 U.S.C. § 7109 (1994), and whether Dambach's heart condition is service related. Because the court erred in holding 38 U.S.C. § 1154(b) (1994) inapplicable to his case, we reverse and remand.

*Background*

Dambach served in the United States Air Force from November 1964 to October 1968, including service in the Vietnam war. His service medical records show that while he was in Vietnam he was treated for tonsillitis and other infections, but the records do not indicate treatment for a heart condition. He testified at his board hearing that during combat in Vietnam he did not always have the opportunity to be treated by a physician or to have health problems recorded in his service medical records.

In January 1993, Dambach sought compensation from the Department of Veterans Affairs for a heart condition. After several remands by the board to obtain Dambach's complete medical records and an independent medical expert opinion on the relatedness of his heart condition to his service, the department's regional office denied his claims. Dambach appealed again to the board seeking service-connection for his heart condition and a determination that 38 U.S.C. § 1154(b) was applicable to his case.

At the board hearing, Dambach explained that he had tonsillitis, rheumatic fever, and other infections, which resulted in myocarditis while he was serving in Vietnam, and that these illnesses caused his current heart condition, dilated cardiomyopathy with congestive heart failure. He also presented statements by four doctors in support of his claim.

Dambach also argued that section 1154(b), which requires the Department of Veterans Affairs to accept "satisfactory lay or other evidence" as sufficient proof of service-connection for any injury alleged to have been incurred in combat, regardless of whether official records exist proving such incurrence, should apply in his case. He claimed that this section applies even when there is a record of some in-service illness, and to both recorded and unrecorded medical problems. The board rejected Dambach's arguments finding that he had not demonstrated a combat-related injury.

Dambach appealed to the Court of Appeals for Veterans Claims, which affirmed-in-part. The court said that he had misconstrued section 1154(b) and that the board did not err in finding it inapplicable to him. Dambach asserts here that the Veterans Court erred in confirming the board's misinterpretation of section 1154(b). He additionally argues that this action was a final decision on the section 1154(b) issue that must be resolved before remanding the case to the board to establish the parties' evidentiary burdens.

## Discussion

In view of the Court of Appeals for Veterans Claims' remand to the board, the government has moved to dismiss this appeal for lack of a final decision under 38 U.S.C. § 7292 (1994). Our jurisdiction is limited to review of final decisions of that court, which typically do not include remands because they are not final judgments. *See, e.g., Travelstead v. Derwinski,* 978 F.2d 1244, 1247–49 (Fed.Cir.1992). We do have jurisdiction, however, when there is a statutory interpretation that will affect the remand proceeding and that legal issue might evade our future review. *See id.* at 1248 (holding that when "the court rendered a 'decision' interpreting a statute ... and compelling action of the Secretary, on remand, ... [t]his 'decision' was a final disposition of the proceeding," and was appealable).

Here, the Veterans Court interpreted section 1154(b) and its applicability to the case, and then directed the board, on remand, to disregard the section 1154(b) contention. Because this interpretation will alter the evidentiary burdens for service-connection in the remand proceedings and the remand may make unreviewable the determination that section 1154(b) cannot be applied to a veteran with a service medical report, there is jurisdiction.

The government also moves to dismiss for lack of jurisdiction over the section 1154(b) issue. It correctly observes that this is a court of limited jurisdiction set out by Congress. *See Livingston v. Derwinski,* 959 F.2d 224, 225 (Fed. Cir.1992). We have jurisdiction to review Court of Appeals for Veterans Claims decisions on "the validity of any statute or regulation ... or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [court] in making the decision." 38 U.S.C. § 7292(a). Except for appeals presenting constitutional issues, we may not "review (A) a challenge to a factual determination,

or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2). We also are required to "determine the applicability of [the statute's] terms to an action of the Secretary [of Veterans Affairs], and to 'compel action of the Secretary unlawfully withheld or unreasonably delayed.'" *Travelstead,* 978 F.2d at 1248 (citing 38 U.S.C.S. § 7261(a) (Law Co-op. Supp.1992)).

■ Dambach argues that the Veterans Court misinterpreted section 1154(b) by refusing to apply it to *any* of his illnesses because there was documentation of *some* of his illnesses. The government responds that he challenges only factual determinations or the application of law to facts which is beyond our jurisdiction. The argument is untenable. This is straightforward statutory interpretation. We therefore have jurisdiction under 38 U.S.C. § 7292(a), and we review the Court of Appeals for Veterans Claims' statutory interpretation *de novo. See Jones v. Brown,* 41 F.3d 634, 637 (Fed.Cir.1994).

■ Section 1154(b) states:

In the case of any veteran who engaged in combat with the enemy in active service with a military, naval or air organization of the United States during a period of war, campaign, or expedition, the Secretary shall accept as sufficient proof of service-connection of any disease or injury alleged to have been incurred in or aggravated by such service satisfactory lay or other evidence of service incurrence or aggravation of such injury or disease, if consistent with the circumstances, conditions, or hardships of such service, notwithstanding the fact that there is no official record of such incurrence or aggravation in such service, and, to that end, shall resolve every reasonable doubt in favor of the veteran.

This provision is intended to lighten the evidentiary burden of a veteran who claims a disease or injury was incurred in or aggravated by combat service. *See Jensen v. Brown,* 19 F.3d 1413, 1416–17 (Fed.Cir. 1994). A three-step sequential analysis determines whether a combat veteran is

entitled to service-connection. First, he must proffer "satisfactory lay or other evidence of service incurrence or aggravation of such injury or disease." *Collette v. Brown,* 82 F.3d 389, 393 (Fed.Cir.1996) (citing 38 U.S.C. § 1154(b)). Second, the proffered evidence must be "consistent with the circumstances, conditions, or hardships of such service." *Id.* Third, if the veteran satisfies the first two steps, the government must rebut the presumption of service-connection by "clear and convincing evidence to the contrary." *Id.*

■ The government maintains that the Court of Appeals for Veterans Claims was correct in its conclusion that section 1154(b) did not apply because the issue in the case is whether Dambach's in-service illnesses of tonsillitis and other infections, recorded in his service medical record, caused his present heart condition, a matter not addressed by section 1154(b). We disagree.

■ The Veterans Court misinterpreted section 1154(b) by holding that it does not apply to any illness incurred during combat when there is a record documenting at least one in-service illness. Nowhere does the statute state or imply such a thing. That a veteran might have been fortunate enough to obtain medical treatment during combat is no reason to deny him the evidentiary benefit. Section 1154(b) was enacted to protect veterans. *See Collette,* 82 F.3d at 392. It recognizes that combat conditions do not always permit the recording of diseases, injuries, or treatment, and such record as might exist would not necessarily be complete. *See* S.Rep. No. 77–902, at 2 (1941); H.R.Rep. No. 77–1157, at 2–3 (1941). Therefore, a combat veteran will receive the benefit of section 1154(b) under the three-step analysis of *Collette,* regardless of whether there is a record of the disease or injury or of a putatively related disease or injury.

■ Section 1154(b) does not permit the Secretary to use the absence of an official record of disease, injury, or treatment to rebut a claim by clear and con-

vincing evidence. *See Jensen,* 19 F.3d at 1417. Indeed, the implementing regulation, 38 C.F.R. § 3.306 (1994), correctly sets out "a presumption that if the veteran produces evidence of symptomatic manifestations during or proximate to combat, aggravation [or incurrence] will be established." *Jensen,* 19 F.3d at 1417. Therefore, all a veteran must provide is "the kind of evidence one engaged in combat ... is most likely to have available, lay testimony or other informal evidence of symptomatic manifestations, whether temporary or otherwise, of incurrence or aggravation." *Id.* Then the government has the burden to rebut by clear and convincing evidence. *See id.* In this case, we find it difficult to believe Dambach has not presented enough of the kind of evidence of in-service medical problems of tonsillitis, rheumatic fever, myocarditis and other infections and their relationship to his present heart condition, dilated cardiomyopathy with congestive heart failure, contemplated by section 1154(b). That, of course, is a call to be made by the Veterans Court and board on remand.

We observe, however, that this case has been in contest for more than seven years. On one occasion, it was remanded because the doctor's report relied upon by the board contained "several inaccurate statements which make it unclear whether she reviewed all the pertinent records and was familiar with the particular facts of the ... case." Now, the Secretary "concedes that [another doctor] may be a part-time physician of VA and that a remand is warranted for the Board to determine whether or not [the doctor] is an employee of VA under 38 U.S.C. § 7109 and if so, to secure a medical opinion that meets the requirements of this section." Thus, the Court of Veterans Claims is remanding yet again to determine if the doctor relied upon by the board was an "independent medical expert" and, if not, for the board to secure an independent medical opinion pursuant to section 7109.

When Dambach moved for an order to expedite proceedings, which the Secretary has not opposed, the Veterans Court understandably was hesitant to "meddle with the internal operating procedures of the Board" and did not so order. However, we believe it is time for this case to be concluded, especially "in light of the fact that [Dambach's] health is very poor" and that, following the initial remand for relying on an inaccurate doctor's report, the board failed to verify that the medical opinion it relied upon was independent as required by section 7109. We believe it would be appropriate for the Veterans Court to set a deadline by which this veteran's case will be concluded.

### Conclusion

Accordingly, the judgment of the Court of Appeals for Veterans Claims is reversed and the case is remanded for further proceedings consistent with this opinion.

*REVERSED AND REMANDED.*