# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 00-1872

ALLAN S. MATTHEWS, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before HOLDAWAY, STEINBERG, and GREENE, *Judges.*

## O R D E R

On October 2, 2000, the appellant filed a Notice of Appeal listing June 6, 2000, as the date of the Board of Veterans' Appeals (BVA or Board) decision being appealed. The Court notes that the BVA in its June 6, 2000, decision determined that a claim of entitlement to service connection for post-traumatic stress disorder was well grounded and remanded the claim to a Department of Veterans Affairs (VA) regional office for further development.

The Secretary later moved to dismiss for lack of jurisdiction, asserting that the appellant has failed to exhaust his administrative remedies in that the Board has not yet issued a final decision. On November 8, 2000, the appellant, through counsel, filed a response in opposition to the Secretary's motion to dismiss. The appellant argues that the Court has jurisdiction to review decisions that adversely affect a claimant. The adverse decision in this case, he argues, was the determination by the Board regarding the applicability of the reduced evidentiary burden on an appellant under 38 U.S.C. § 1154(b). The appellant contends that the Board's decision in this matter misinterprets that provision in such a manner as to adversely affect the remanded proceedings. Further, the appellant asserts that the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) recently addressed this same problem under 38 U.S.C. § 7292 in *Dambach v. Gober*, 223 F.3d 1376 (Fed. Cir. 2000).

In *Dambach*, the Federal Circuit determined that it had jurisdiction to review a nonfinal decision of this Court when that decision contains a statutory interpretation that will affect the remand proceeding and that legal issue might evade further review. *Id.* at 1379. The Federal Circuit indicated that this Court had interpreted section 1154(b) and its applicability to the case and then directed the Board on remand to disregard the section 1154(b) contention because, the Federal Circuit stated, this Court had held that the provision did not apply to a veteran with a service medical report. *Ibid.* The Federal Circuit determined that such an interpretation altered the evidentiary burdens for service connection in the remand proceedings and that the result of the remand may make unreviewable any such determination that section 1154(b) cannot be applied to a veteran with a service medical report that showed at least one in-service illness. *Id.* at 1380. The Federal Circuit

concluded in *Dambach*, therefore, that it was proper for that court to assert its jurisdiction. *Id*. at 1379.

In the instant appeal, the Court holds that, unlike in *Dambach,* the allegations here of any misinterpretation of section 1154(b) raised by the appellant would not evade judicial review in this Court. Pursuant to 38 U.S.C. § 7266(a), in order for a claimant to obtain review of a BVA decision by this Court, that decision must be final. *See McCartt v. West*, 12 Vet.App. 164, 167 (1999) (dismissing appeal as to claim "[b]ecause a final decision has not been issued by the BVA with respect to [that] claim" (citing, inter alia, § 7266(a); *Hampton v. Gober*, 10 Vet.App. 481, 483 (1997); and *In re Quigley*, 1 Vet.App. 1, 1-2 (1990)); *cf.* 38 U.S.C. § 7292(a), (d)(2) (Federal Circuit jurisdiction over this Court's decisions limited to review of decisions regarding "validity of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter)"; Federal Circuit "may not review (A) a challenge to a factual determination or (B) challenge to a law or regulation as applied to the facts of a particular case"). Here, no final decision has been issued by the BVA. If and when a final Board decision is issued on remand, any matter determined in such a decision may be appealed, without any limitation on our jurisdiction, to this Court as of right. *See* 38 U.S.C. §§ 7252(a), 7261, 7266(a).

Upon consideration of the foregoing, it is

ORDERED that the Secretary's motion is granted and this appeal is DISMISSED for lack of jurisdiction.

DATED:      March 14, 2001                           PER CURIAM.