**SAVE DOMESTIC OIL, INC.,**
**Plaintiff–Appellee,**

v.

**UNITED STATES, Defendant–**
**Appellant,**

and

**Api Ad Hoc Free Trade Committee, Saudi Arabian Oil Company, Petroleos De Venezuela, S.A., Citgo Petroleum Corporation, Petroleos Mexicanos, P.M.I. Comercio Internacional S.A. De C.V., Pemex Exploracion Y Produccion, Chevron Corporation, Exxon Corporation, Mobil Corporation, Shell Oil Company, Texaco Inc., and BP Amoco, Defendants.**

No. 01–1091.

United States Court of Appeals,
Federal Circuit.

DECIDED: July 31, 2001.

**820**

Before RADER and GAJARSA, Circuit Judges, FRIEDMAN, Senior Circuit Judge.

## ON MOTION

GAJARSA, Circuit Judge.

### ORDER

The United States appeals and moves for a stay, pending appeal, of the Court of International Trade's order remanding the matter to the Department of Commerce for contemplation of commencement of a preliminary investigation in the matter of certain crude petroleum oil products from Iraq, Mexico. Saudi Arabia, and Venezuela. Petroleos Mexicanos, PMI Comercio Internacional, S.A. de C.V., PEMEX Exploracion y Produccion, and Petroleos de Venezuela, S.A. join in and support the United States' motion. Texaco, Inc. joins in and supports the United States' motion. API Ad Hoc Free Trade Committee joins in and supports the United States' motion. Saudi Arabian Oil Company joins in and supports the United States' motion. Save Domestic Oil, Inc. (SDO) opposes and, within its opposition, moves to dismiss the United States' appeal.[1]

As a threshold matter, we must determine whether the Court of International Trade's remand order is a final decision for purposes of allowing the United States to appeal. If not, the United States' appeal must be dismissed and its motion for a stay deemed moot. The United States

and the defendants argue that the United States may appeal pursuant to certain precedent. Save Domestic Oil disagrees, relying on other precedent.

As a general matter, remands to administrative agencies are interlocutory orders and are not appealable because they do not meet the requirement of finality. *Cabot Corp. v. United States,* 788 F.2d 1539, 1542 (Fed.Cir.1986). However, certain remand orders have been determined to meet the finality requirement. In *Sullivan v. Finkelstein,* 496 U.S. 617, 625, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990) the Supreme Court concluded that certain district court remands to the Social Security Administration were final for purposes of appeal. In *Forney v. Apfel,* 524 U.S. 266, 118 S.Ct. 1984, 141 L.Ed.2d 269 (1998), the Supreme Court clarified that the language of a provision of the Social Security Act was the basis of its decision in *Finkelstein.* Thus, we review the appealability of the trial court's remand order under the doctrine set forth in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541,. 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). *See Sears Roebuck & Co. v. United States,* 22 F.3d 1082, 1084 (Fed.Cir.1994) (analyzing under the *Cohen* doctrine whether the Court of International Trade's interlocutory remand order directing Customs to redetermine its classification of camcorders was appealable). To come within the small class of decisions excepted from the final-judgment rule by *Cohen,* the order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment. *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978).

---

1. Because we determine that the United States' appeal from the remand order must be dismissed for lack of jurisdiction, any appeals

of the other defendants appeals must also be dismissed.

The first requirement is not met by the remand order. In this case, the trial court remanded to Commerce for *contemplation* of commencement of a preliminary investigation. This remand order clearly does not conclusively determine a disputed question as required by *Cohen.*

Accordingly,

IT IS ORDERED THAT:

(1) Save Domestic Oil's motion to dismiss the United States' appeal is granted.

(2) The United States' motion for a stay is moot.

(3) All sides shall bear their own costs.