ON PETITION FOR WRIT OF MANDAMUS
BRYSON, Circuit Judge.
ORDER
Frederick H. Dambach petitions for a writ of mandamus to direct the Court of Appeals for Veterans Claims to vacate its order remanding his case to the Board of Veterans’ Appeals. The Secretary of Veterans Affairs responds to the mandamus petition and to this court’s June 26, 2001 order concerning the status of proceedings at the Board. Dambach moves for leave to file a reply. The court sua sponte considers whether we have jurisdiction over Dambach’s appeal no. 01-7081.
*960 Dambach seeks service connection for a cardiovascular disability. The Board of Veterans’ Appeals held that 38 U.S.C. § 1154 was not applicable to Dambach’s assertion that his in-service tonsillitis was connected to his cardiovascular problems. Section 1154 provides:
In the case of any veteran who engaged in combat with the enemy in active service ... the Secretary shall accept as sufficient proof of service connection of any disease or injury alleged to have been incurred in or aggravated by such service satisfactory lay or other evidence of service incurrence or aggravation of such injury or disease, if consistent with the circumstances, conditions, or hardships of such service, notwithstanding the fact that there is no official record of such incurrence or aggravation in such service ....
The Board reasoned that because there were medical records indicating that Dam-bach suffered firom tonsillitis and other infections in service, there was no dispute that the diseases were suffered during service and application of § 1154 was unnecessary. The Board denied service connection, and on appeal the Court of Veterans Appeals affirmed that determination but remanded on other grounds. Dambach appealed to this court, and this court held that the interpretation of § 1154 was erroneous. We held that § 1154 applied to Dambach’s claim that his heart condition was incurred in or aggravated by tonsillitis and other infections. This court remanded to the Court of Veterans Claims, stating:
In this case, we find it difficult to believe Dambach has not presented enough of the kind of evidence of in-service medical problems of tonsillitis, rheumatic fever, myocarditis and other infections and their relationship to his present heart condition, dilated cardiomyopathy with congestive heart failure, contemplated by section 1154(b). That, of course, is a call to be made by the Veterans Court and board on remand.
Dambach v. Gober, 223 F.3d 1376, 1381 (Fed.Cir.2000).
The mandate in that appeal was received by the Court of Appeals for Veterans Claims on November 30, 2000. Shortly thereafter, Dambach petitioned this court for a writ of mandamus to direct the Court of Appeals for Veterans Claims to grant certain pending motions and to award him benefits. This court denied that petition, miscellaneous docket no. 665, and noted that Dambach had not shown that the Court of Appeals for Veterans Claims was not proceeding expeditiously or in an appropriate manner.
On April 3, 2001, the Court of Appeals for Veterans Claims remanded Dambach’s case to the Board. Dambach challenges that remand order in Mise. 665. Dambach also challenges the remand order in appeal no. 01-7081.
It is Dambach’s view that he is immediately entitled to benefits for various asserted reasons. However, this court recognized in Dambach, quoted above, that remand to the Board might be required concerning the sufficiency of the evidence. Dambach’s argument that he is entitled benefits due to “default,” i.e., the Secretary’s failure to respond to certain motions filed by Dambach, is not persuasive.
We note that the Court of Appeals for Veterans Claims expressly remanded the case to the Board for the resolution of two issues: (1) whether Dambach was a “combat” veteran and, if so, (2) whether the disability claimed was incurred or aggravated by such status. Dambach argues that the first issue is uncontested. In our June 26 order, we asked the Secretary to respond to Dambach’s argument that his status as a combat veteran is not contested. In his response, the Secretary states *961 that “based upon this Court’s June 26, 2001 order, we have performed an exhaustive search of our records, and, as a result of our search, we do not contest that Mr. Dambach is a combat veteran.” Thus, it appears that Dambach’s case at the Board may involve only the second issue. We also note that proceedings at the Board were recently stayed because Dambach filed an appeal of the remand order of the Court of Appeals for Veterans Claims.
After reviewing the submissions of Dam-bach and the Secretary, we determine that Dambach has not shown entitlement to a writ of mandamus. The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed.Cir. 1988). A party seeking a writ bears the burden of proving that, it has no other means of attaining the relief desired, Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is “clear and indisputable,” Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). Dambach has not shown that the Court of Appeals for Veterans Claims clearly abused its discretion or that his right to issuance of a writ is clear and indisputable.
With respect to Dambach’s appeal, this court does not have jurisdiction to review the remand order. Pursuant to 38 U.S.C. § 7292, not every decision or order entered by the Court of Appeals for Veterans Claims is appealable. Section 7292(a) provides that a party may only seek review of a decision of the Court of Appeals for Veterans Claims with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review “(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2). If an appellant’s case does not meet these criteria, § 7292(d) requires this court to dismiss the appeal. See In re Bailey, 182 F.3d 860, 870-71 (Fed.Cir.1999).
The Court of Appeals for Veterans Claims remanded this case to the Board for the development or consideration of evidence concerning whether Dambach’s disability was incurred by or aggravated by his service as a combat veteran. The statutory issue was resolved by our previous decision in Dambach and there are no other renewable issues in this case. Dam-bach’s recent appeal does not concern issues within our jurisdiction, and thus appeal no. 01-7081 must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992). Further, dismissal of this appeal will thus allow proceedings at the Board to resume.
Accordingly,
IT IS ORDERED THAT:
(1) Dambach’s petition for a writ of mandamus is denied.
(2) Dambach’s motion for leave to file a reply is granted.
(3) Appeal no. 01-7081 is dismissed for lack of jurisdiction.