**In re UNITED STATES of America, Petitioner.**

**Misc. No. 679.**

United States Court of Appeals, Federal Circuit.

Sept. 28, 2001.

Before LOURIE, CLEVENGER, and LINN, Circuit Judges.

ON PETITION FOR WRIT
OF MANDAMUS

PER CURIAM.

ORDER

The United States of America petitions for a writ of mandamus to direct the United States Court of International Trade to vacate any orders initiating criminal contempt proceedings and prohibit any future contempt proceedings. The Court of International Trade, Save Domestic Oil, Inc., Saudi Arabian Oil Company, Petroleos Mexicanos, P.M.I. Comercio Internacional S.A. de C.V., and PEMEX Exploracion y Produccion submit responses to the mandamus petition. The United States moves for leave to file a reply, with reply attached.

A brief background of this case follows. The Court of International Trade issued

an order remanding this case to the Department of Commerce for "contemplation of commencement of a preliminary investigation" in the matter of certain crude petroleum oil products from Iraq, Mexico, Saudi Arabia, and Venezuela. The United States filed a notice of appeal to obtain review of the remand order in this court. The United States also moved to stay the order of the Court of International Trade that required proceedings on remand. On July 31, 2001, this court dismissed the appeal, stating that although "certain remand orders have been determined to meet the finality requirement," the government had not shown that its appeal fell within the holdings of relevant case law or that its appeal came within the appealability exception recognized in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Upon dismissing the appeal, this court stated that the government's motion for stay was moot.

After this court dismissed the government's appeal, the Court of International Trade *sua sponte* commenced proceedings to determine whether the United States or government officials who participated in the determination to file an appeal should be "punished to the extent permitted by law" for filing the notice of appeal and failing to comply with the remand order while the appeal was pending in this court. The government then filed its mandamus petition in this court. After careful consideration, we will grant the petition.

■ The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed.Cir. 1988). Thus, we review the Court of International Trade's determination to initiate criminal contempt proceedings on the basis of an abuse of discretion standard.

■ We agree with the United States that its determination to file an appeal of the Court of International Trade's remand order was not under the circumstances sufficient to serve as a basis for contempt proceedings. Precedent regarding the appealability of remand orders such as that in the present case is not crystal clear, and the government's arguments offered in support of appealability were not frivolous. Contempt proceedings should not be initiated unless in response to action that is clearly unjustified. Filing a notice of appeal and seeking a stay in this case were not clearly unjustified.

Case law of this circuit holds that some remand orders may be considered final for purposes of appellate jurisdiction. *See, e.g., Adams v. Principi*, 256 F.3d 1318, 1321 (Fed.Cir.2001) (appellate jurisdiction existed to review remand order when appellant asserted, under the "unusual circumstances" of that case, that he was entitled to a "decision without a remand"); *Southern Cal. Edison Co. v. United States*, 226 F.3d 1349, 1355 (Fed.Cir.2000) (appellate jurisdiction existed to review remand order of the Court of Federal Claims that required the agency "to implement the court's regulatory interpretation, which is contrary to the agency's prior interpretation"); *Dambach v. Gober*, 223 F.3d 1376, 1379 (Fed.Cir.2000) (appellate jurisdiction existed to review remand order that contained "a statutory interpretation that will affect the remand proceeding and that legal issue might evade our future review"); and *Travelstead v. Derwinski*, 978 F.2d 1244, 1248 (Fed.Cir.1992) (appellate jurisdiction existed to review remand order that "unquestionably terminated the action before the court"). Thus, the determination to seek review of the remand order in this case, and the government's request for a stay of that remand order, cannot serve as a basis for criminal contempt proceed-

ings. The trial court's orders to initiate contempt proceedings were therefore an abuse of discretion.

Accordingly,

IT IS ORDERED THAT:

(1) The mandamus petition is granted to the extent that the Court of International Trade is directed to vacate its orders initiating criminal contempt proceedings.

(2) The motion for leave to file a reply is granted.