NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

06-7054

PAUL R. KISER,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED: August 8, 2006

_____

Before BRYSON, Circuit Judge, ARCHER, Senior Circuit Judge, and LINN, Circuit Judge.

PER CURIAM.

## DECISION

Paul Kiser appeals from an order of the United States Court of Appeals for Veterans Claims ("the Veterans Court") affirming the decision of the Board of Veterans' Appeals that the January and July 1947 rating decisions of a Veterans Administration regional office were not based upon clear and unmistakable error ("CUE"). We lack jurisdiction to address Mr. Kiser's arguments regarding the finality of the regional office's rating decisions and the question whether he had submitted new and material evidence that justified reopening his original claims. We therefore do not address those issues. On the CUE issue, we affirm the decision of the Veterans Court.

BACKGROUND

Mr. Kiser served on active duty with the United States Army from June 1944 to May 1946. In August 1946, he submitted a letter to a Veterans Administration regional office requesting an award of service connection for "foot trouble [that] started in September, 1944 at Ft. Benning, Ga." In the VA examination that followed, the examiner found that Mr. Kiser had "high arches, bilaterally, but of mild degree." The examiner also noted that "during the examination, he walks on his bare feet without any difficulty and walks on his toes well." In a letter addressed to Mr. Kiser and dated January 24, 1947, the regional office denied Mr. Kiser's request for service connection because his "condition of weak feet was not shown to be incurred in or aggravated by [his] military service."

In April 1947, Mr. Kiser submitted another letter to the regional office in which he stated that he was continuing to experience pain in his feet. In that letter, he explained that his "feet first became painful . . . shortly after the completion of [his] basic training at Ft. McClellan, Alabama." Mr. Kiser underwent a second VA examination, which resulted in a similar diagnosis. In July 1947, the regional office confirmed and continued its prior rating decision.

Many years later, Mr. Kiser challenged the regional office decisions, contending that they contained clear and unmistakable error. He also claimed that he had submitted new and material evidence demonstrating that those decisions were wrong. The regional office rejected his claims, and the Board of Veterans' Appeals denied his appeal. The Board explained that although Mr. Kiser had submitted evidence that had not previously been considered, that evidence was not material to the issue of service

06-7054                                        2

connection, because "[n]one of the recently submitted records serves to establish a nexus between the veteran's service and a present foot disability." With regard to his CUE claim, the Board explained that "[n]o assertion has been made with any degree of specificity as to what error of fact was made or how a different application of laws and regulations would dictate a 'manifestly different' result." The Board concluded that Mr. Kiser "merely asserted that the [regional office] should have viewed the evidence differently" and that such an assertion is "inadequate to raise a CUE claim."

Mr. Kiser appealed to the Veterans Court. At the outset, the Veterans Court observed that Mr. Kiser had limited his appeal to the Board's denial of his CUE claim, and that "[o]ther issues decided adversely in the 1998 Board decision are not raised on appeal and are, therefore, considered abandoned." On the CUE issue, the Veterans Court ruled that the Board had failed to address certain evidence, and it therefore remanded for further consideration of that issue. Kiser v. Principi, No. 98-390.

On remand, the Board found that Mr. Kiser had been informed of the regional office rating decision and advised of his appellate rights in letters dated January 24, 1947, and July 8, 1947. The Board also found that Mr. Kiser had not shown that he had filed a timely appeal. The Board thus dismissed Mr. Kiser's contention that his claim had remained pending since 1947 and ruled that the regional office decision could "be revised only upon a showing of CUE." The Board then held that the evidence available to the regional office in 1947, including service medical records and the VA examination reports, did not support Mr. Kiser's assertion that his foot condition was aggravated by military service. The Board also observed that because Mr. Kiser had reported that his feet began to hurt after basic training, and not during combat, he was not entitled to the

relaxed evidentiary burden applicable to combat-injured veterans. The Board therefore concluded that Mr. Kiser was "merely asserting that the regional office should have viewed the evidence differently," and it denied his CUE claim.

Mr. Kiser again appealed to the Veterans Court. In response to his contention that his appeal had remained pending since 1947, the Veterans Court agreed with the Board that "there is no evidence that Mr. Kiser filed a Notice of Disagreement within one year after either 1947 [regional office] decision." The Veterans Court therefore concluded that the Board did not err in determining that the regional office decisions became final and were not in appellate status since 1947. On the CUE issue, the Veterans Court observed that Mr. Kiser had asserted that his foot pain began shortly after basic training and thus upheld the Board's conclusion that the "relaxed evidentiary burden available to combat veterans was inapplicable." The court also rejected Mr. Kiser's argument that the regional office had erred in not providing reasons for denying his claim for service connection. As the court explained, "at the time of the 1947 [regional office] decisions, there was no requirement that the [regional office] specify the evidence considered or the reasons for its disposition." The Veterans Court thus affirmed the Board's remand decision. Kiser v. Nicholson, No. 02-1601. Mr. Kiser now appeals to this court.

## DISCUSSION

Mr. Kiser argues that the January 1947 regional office decision was not final because he appealed to the Board of Veterans Appeals by letter dated April 27, 1947. This court lacks jurisdiction to review the Veterans Court's conclusion on this issue. Under 38 U.S.C. § 7292(d)(2) this court "may not review (A) a challenge to a factual

determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." See Waltzer v. Nicholson, 447 F.3d 1378, 1379 (Fed. Cir. 2006). The Veterans Court found that there was no evidence in the record that Mr. Kiser had filed a timely appeal. Because Mr. Kiser's claim as to the pendency of his appeal presents a factual question, we lack jurisdiction to review the Veterans Court's decision on that issue.

Mr. Kiser next contends that he has presented new and material evidence sufficient to reopen his claim for service connection for bilateral foot disability. As the Veterans Court observed, however, it previously determined that Mr. Kiser had "abandoned" issues not raised in his prior appeal. That issue is therefore outside our jurisdiction, as it simply presents a question of fact regarding what issues were previously presented to the Veterans Court. Moreover, the underlying question— whether Mr. Kiser has presented new and material evidence—is purely factual and thus outside our jurisdiction.

On the CUE issue, Mr. Kiser argues that the January 1947 regional office decisions were the product of CUE because the regional office failed to apply the relaxed evidentiary standard that is available to combat veterans under Public Law 77-361, which was in effect at the time of his initial claim. Mr. Kiser asserts that he is eligible to submit only "satisfactory lay or other evidence" because he completed basic training in June 1944 and thus, according to Mr. Kiser, his injury is "alleged to have been incurred in or aggravated by service in such war." See Pub. L. No. 77-361, 55 Stat. 847 (1941).

Public Law 77-361, however, applies only to diseases or injuries alleged to have resulted from combat. See S. Rep. No. 77-902, at 3 (1941) ("interest in more liberal service-pension laws is believed to be stimulated because of the inability of many veterans to establish service connection of a disability which . . . was incurred in combat with an enemy of the United States") (emphasis added); H.R. Rep. No. 77-1157, at 3 (1941) ("It was emphasized in the hearings that the establishment of records of care or treatment of veterans in other than combat areas, and particularly in the States, was a comparatively simple matter as compared with the veteran who served in combat."). This court has addressed the current version of the provision, 38 U.S.C. § 1154(b), and has come to the same conclusion. See Dambach v. Gober, 223 F.3d 1376, 1380 (Fed. Cir. 2000) (Section 1154(b) is "intended to lighten the evidentiary burden of a veteran who claims a disease or injury was incurred in or aggravated by combat service . . . [because] . . . combat conditions do not always permit the recording of diseases, injuries, or treatment, and such record as might exist would not necessarily be complete.") (citing S. Rep. No. 77-902 (1941); H.R. Rep. No. 77-1157 (1941)).

Additionally, Mr. Kiser contends that language in Public Law 77-361 supports his assertion that the Board erred in failing to record its reasons for granting or denying service connection. In particular, he refers to the language of that statute requiring that "reasons for granting or denying service-connection in each case shall be recorded in full." Pub. L. No. 77-361. As discussed above, however, that statute does not apply to Mr. Kiser because his injury was not sustained in or aggravated by combat. For veterans with non-combat-related injuries, as the Veterans Court explained, the regional offices were not generally required to specify the reasons for their rating decisions until

such a requirement was imposed by statute in 1990.  <u>See</u> <u>Crippen v. Brown</u>, 9 Vet. App. 412, 420 (1996).  Because we agree with the Board's interpretation of Public Law 77-361, we uphold the order of the Veterans Court affirming the Board's denial of Mr. Kiser's CUE claim.