# United States Court of Appeals for the Federal Circuit

---

**ANDREW J. WINTERBOTTOM,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-2097

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-4604, Judge Grant Jaquith.

---

Decided: December 27, 2024

---

LAURA ANDERSON, The Veterans Law Group, Poway, CA, argued for claimant-appellant. Also represented by MARK RYAN LIPPMAN.

SOSUN BAE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY; AMANDA BLACKMON, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before DYK, CHEN, and HUGHES, *Circuit Judges*.

HUGHES, *Circuit Judge*.

Appellant Andrew J. Winterbottom appeals a non-final remand order from the Court of Appeals for Veterans Claims. J.A. 1. Mr. Winterbottom seeks review of his judicial bias claim and seeks an order recusing the veterans law judge in further proceedings. Appellant's Br. 8–9. Because, with limited exceptions not applicable here, we may not review a non-final order, we dismiss.

I

Mr. Winterbottom served on active duty from September 1993 to September 1997. He was subsequently awarded a 30% disability rating for his service-connected post-traumatic stress disorder, which was increased to a 50% rating in October 2017. He appealed this decision to the Board of Veterans' Appeals, seeking a higher disability rating.

In June 2021, Mr. Winterbottom attended a Board hearing to assess the scope of his PTSD claim and testified concerning his PTSD severity. During this hearing, the Board judge asked Mr. Winterbottom several questions about specific episodes of violent altercations. *See* J.A. 61 (discussing whether Mr. Winterbottom committed unprovoked acts of violence during work); J.A. 62–63 (discussing violent altercations in a non-work context and whether they were provoked). These exchanges would later form the basis for Mr. Winterbottom's complaint of judicial bias, where he alleged that the Board judge displayed a lack of impartiality and made a considered effort to "minimize [Mr. Winterbottom's] symptomology." Appellant's Br. 22.

In May 2022, the Board denied Mr. Winterbottom a PTSD disability rating greater than 50%. The Board concluded that the conduct detailed in the hearing

testimony did not warrant a higher rating because Mr. Winterbottom's irritability and violence were not unprovoked. Mr. Winterbottom appealed to the Court of Appeals for Veterans Claims (Veterans Court). *Winterbottom v. McDonough*, No. 22-4604, 2023 WL 3735148 (Vet. App. May 31, 2023); J.A. 1.

Mr. Winterbottom argued to the Veterans Court that remand was warranted because the Board failed to adequately state its reasons or bases for its decision and the Board showed bias at the hearing. J.A. 3. The Veterans Court partially agreed and remanded because the Board did not adequately explain why it gave decreased probative weight to an opinion from a private counselor. Regarding Mr. Winterbottom's bias allegation, the Veterans Court concluded that the Board had not exhibited any bias that warranted reassignment on remand. *Id.* The Veterans Court said that the questioning did not show bias, but instead was an attempt to assess whether Mr. Winterbottom's described violent conduct was provoked or unprovoked. *Id.*

Mr. Winterbottom timely appealed.

## II

Our jurisdiction over appeals from the Veterans Court is limited by statute. *See* 38 U.S.C. § 7292; *Dixon v. Shinseki*, 741 F.3d 1367, 1373 (Fed. Cir. 2014); *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We are vested with authority to "decide all relevant questions of law, including interpreting constitutional and statutory provisions[,]" 38 U.S.C. § 7292(d)(1), and "[w]e review statutory and regulatory interpretations of the Veterans Court *de novo*." *Gazelle v. Shulkin*, 868 F.3d 1006, 1009 (Fed. Cir. 2017). We may not review "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case," except to the extent that the appeal presents a constitutional issue. 38 U.S.C § 7292(d)(2).

While 38 U.S.C. § 7292 does not articulate a finality requirement, we have declined to review non-final orders of the Veterans Court and "concluded that finality is a jurisdictional requirement." *Ravin v. McDonough*, 107 F.4th 1357, 1360 (Fed. Cir. 2024). The exception to the finality requirement is narrow. In *Williams v. Principi*, we articulated that we will depart from the strict rule of finality when a veteran establishes that: (1) the Veterans Court issued a clear and final decision on a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings, or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issue adversely affects the party seeking review; and (3) there is a substantial risk that the decision would not survive a remand, i.e., that the remand proceeding may moot the issue. 275 F.3d 1361, 1364 (Fed. Cir. 2002).

## III

Mr. Winterbottom recognizes that his appeal of the Veterans Court's non-final remand order does not satisfy any of the exceptions to the final judgment rule described in *Williams*. Appellant's Br. 11–12, Appellant's Reply Br. 2. Mr. Winterbottom instead proposes, "[t]o this list of exceptions should be added another, namely, an appeal raising a claim of judicial bias." Appellant's Br. 12. We decline to extend *Williams*.

A mandamus petition is a well-established procedural vehicle to raise claims of judicial bias. Other jurisdictions have held that seeking recusal of a judicial officer by petition for a writ of mandamus is proper. *Cobell v. Norton*, 334 F.3d 1128, 1139 (D.C. Cir. 2003) (collecting cases). In fact, "every circuit to have addressed the issue has found it proper." *Id.* (citing *In re Boston's Children First*, 244 F.3d 164 (1st Cir. 2001); *In re IBM Corp.*, 45 F.3d 641 (2d Cir. 1995); *In re Antar*, 71 F.3d 97 (3d Cir. 1995); *In re Sch.*

*Asbestos Litig.*, 977 F.2d 764 (3d Cir. 1992); *In re Rodgers*, 537 F.2d 1196 (4th Cir. 1976); *In re Faulkner*, 856 F.2d 716 (5th Cir. 1988); *In re Aetna Cas. & Sur. Co.*, 919 F.2d 1136 (6th Cir. 1990) (en banc); *In re Hatcher*, 150 F.3d 631 (7th Cir. 1998); *In re Edgar*, 93 F.3d 256 (7th Cir. 1996); *Nichols v. Alley*, 71 F.3d 347 (10th Cir. 1995)).

We see no reason to create a new exception to finality that would be inconsistent with how other circuits handle judicial bias claims. We are not foreclosing review of judicial bias claims—our holding today merely clarifies that the appropriate procedural vehicle to seek interlocutory review of a judicial bias claim is through a mandamus petition. Alternatively, Mr. Winterbottom may wait until there is an appealable final judgment in his case over which we have jurisdiction.

## IV

We have considered Mr. Winterbottom's remaining arguments and find them unpersuasive. Because the decision that Mr. Winterbottom challenges is a non-final remand order and does not meet the *Williams* criteria, the appeal is dismissed.

## DISMISSED

### COSTS

No costs.