NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JEREL T. JENKINS,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1379

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-1029, Judge Amanda L. Meredith.

---

Decided:  July 29, 2025

---

MICHAL LEAH KANOVSKY, Bergmann & Moore, LLC, Rockville, MD, argued for claimant-appellant.  Also represented by GLENN R. BERGMANN, THOMAS POLSENO.

YARIV S. PIERCE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee.  Also represented by WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY, YAAKOV ROTH; TYRONE COLLIER, BRIAN D. GRIFFIN, Office

of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before TARANTO, HUGHES, and STARK, *Circuit Judges*.

HUGHES, *Circuit Judge*.

Appellant Jerel T. Jenkins appeals a non-final remand order from the United States Court of Appeals for Veterans Claims. Because, with limited exceptions not applicable here, we may not review a non-final order, we dismiss.

I

Mr. Jenkins served in the United States Army from January 2002 to February 2005. J.A. 425. Because Mr. Jenkins tested positive for marijuana in October 2004, he was separated from service for misconduct and received a general discharge under honorable conditions. J.A. 478–84.

He filed a claim seeking compensation for post-traumatic stress disorder (PTSD) in April 2012, J.A. 459, and a claim seeking compensation for depression in June 2015. J.A. 3, 377–80. The Regional Office (RO) denied service connection for both conditions, J.A. 425, 356, and later issued a statement of the case again denying service connection for "a chronic psychiatric disability to include post-traumatic stress disorder." J.A. 307.

Mr. Jenkins appealed the denial to the Board of Veterans' Appeals. J.A. 298–99. The Board remanded the issue of whether Mr. Jenkins was entitled to service connection for an acquired psychiatric disorder because it found that no VA examiner had opined on whether the presumption of soundness had been rebutted with respect to such a disorder. J.A. 243–44. On remand, the RO again denied service connection. J.A. 189–90. And on appeal, the Board affirmed the denial. J.A. 18.

Mr. Jenkins appealed to the Veterans Court, which vacated and remanded the portion of the Board's decision regarding service connection for an acquired psychiatric disorder because it held the Board provided inadequate reasons and bases supporting its decision. J.A. 11–12. The Veterans Court identified several errors: The Board failed to address whether the VA had satisfied its duty to assist and the VA's delay in mailing the supplemental statement of the case; relied on a repealed provision of law to review evidence that Mr. Jenkins submitted in September 2021; and failed to explain why it found that the medical opinion of a VA psychologist rendered in December 2020 was adequate. J.A. 10–11.

Mr. Jenkins timely appealed.

## II

Our jurisdiction to review decisions of the Veterans Court is governed by 38 U.S.C. § 7292. Under § 7292, we have exclusive jurisdiction to review the Veterans Court's interpretation of any statute or regulation, but we are barred from review of "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

"While 38 U.S.C. § 7292 does not articulate a finality requirement, we have declined to review non-final orders of the Veterans Court and 'concluded that finality is a jurisdictional requirement.'" *Winterbottom v. McDonough*, 124 F.4th 933, 935 (Fed. Cir. 2024) (quoting *Ravin v. McDonough*, 107 F.4th 1357, 1360 (Fed. Cir. 2024)). Non-final orders include remand orders. *Adams v. Principi*, 256 F.3d 1318, 1320 (Fed. Cir. 2001). In *Williams v. Principi*, we articulated a narrow exception to the finality requirement that applies when three conditions are satisfied: (1) the Veterans Court issued a clear and final decision on a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings, or,

(c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issue adversely affects the party seeking review; and (3) there is a substantial risk that the decision would not survive a remand, i.e., that the remand proceeding may moot the issue. 275 F.3d 1361, 1364 (Fed. Cir. 2002).

## III

Mr. Jenkins acknowledges that the Veterans Court's remand order is not a final decision but contends that the *Williams* exception to finality applies. Because the Veterans Court issued its remand order for procedural reasons without ruling on the merits of Mr. Jenkins' legal arguments, we disagree.

Mr. Jenkins' appeal does not meet the first *Williams* condition. Despite his argument to the contrary, the Veterans Court did not make any definitive legal ruling that the presumption of soundness in 38 U.S.C. § 1111 does not apply to alcohol and drug abuse disorders. *See* J.A. 9–10. Mr. Jenkins will be free on remand to argue about the applicability of the presumption of soundness to his asserted claim.

Failure to establish the first *Williams* condition is enough to require dismissal, but Mr. Jenkins also fails to establish the second and third conditions.

Regarding the second condition, Mr. Jenkins does not show how he will be adversely affected by the remand order. On the contrary, the remand order was in his favor because it required the Board to provide more specific reasons and bases for its denial. To the extent Mr. Jenkins suggests that the agency might further develop the record to add unfavorable evidence, he has not cited any statutory authority or governing precedent that prohibits the agency from further developing his claim on remand. Such development on remand is within the discretion of the agency and may be necessary in order to address whether the

agency met its duty to assist and other evidentiary requirements. The cases Mr. Jenkins invokes for support, including *Dambach v. Gober* and *Allen v. Principi*, are not to the contrary. In *Dambach* the legal issue was the evidentiary burden to be imposed, not the specific evidence to be developed. 223 F.3d 1376, 1379 (Fed. Cir. 2000). Because the Veterans Court's interpretation of the statute would have altered the evidentiary burdens on remand, there was a substantial risk that remand would make the statutory interpretation question unreviewable. *Id.* And in *Allen v. Principi*, we reviewed a non-final remand order because the Veterans Court's interpretation of 38 U.S.C. § 1110 would have erroneously precluded certain evidence altogether. 237 F.3d 1368, 1373 (Fed. Cir. 2001).

Finally, Mr. Jenkins cannot satisfy the third *Williams* condition because there is no risk that his legal arguments will not survive a remand. Any legal arguments he may have about the interaction of the presumption of soundness in 38 U.S.C. § 1111 and the bar on compensation in 38 U.S.C. § 1110 "if the disability is a result of the veteran's own willful misconduct or abuse of alcohol or drugs" can be raised to the Veterans Court and to this court if the remand does not result in a compensation award.

## IV

We have considered Mr. Jenkins' remaining arguments and find them unpersuasive. Because the decision that Mr. Jenkins challenges is a non-final remand order and does not meet the *Williams* criteria for an exception to the finality requirement, we dismiss his appeal.

**DISMISSED**

COSTS

No costs.