NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7255

ALFONSO MEDRANO,

Claimant-Appellant,

v.

ERIC K. SHINSEKI , Secretary of Veterans Affairs,

Respondent-Appellee.
.


Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

Martin F. Hockey, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee.  With him on the brief was Jeanne E. Davidson, Director.  Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Michael G. Daugherty, Staff Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge Alan G. Lance, Sr.

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7255

ALFONSO MEDRANO,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 04-1009, Judge Alan G. Lance, Sr.

_____

DECIDED: June 3, 2009

_____

Before GAJARSA, MOORE, <u>Circuit Judges</u>, and ARTERTON, <u>District Judge</u>.[*]

GAJARSA, <u>Circuit Judge</u>.

Claimant-Appellant Alfonso Medrano appeals a decision of the Court of Appeals for Veterans Claims ("Veterans Court") affirming a decision of the Board of Veterans' Appeals ("Board") that denied his claims for service connection for depression and post-traumatic stress disorder ("PTSD"). <u>See</u> <u>Medrano v. Nicholson</u>, 21 Vet. App. 165 (2007). Because the Veterans Court properly considered the rule of harmless error, we <u>dismiss-in-part</u> and <u>affirm-in-part</u>.

_____

[*] The Honorable Janet Bond Arterton, United States District Court for the District of Connecticut, sitting by designation.

**BACKGROUND**

Mr. Medrano served in the Army from 1948 until 1952. He filed a claim for disability compensation for PTSD on August 1, 2000. The Veterans Claims Assistance Act of 2000 ("VCAA"), Pub. L. 106-475, 114 Stat. 2096 (2000), took effect while that claim was pending, and, pursuant to that act, the Regional Office ("RO") provided notice to Mr. Medrano of his statutory rights and evidentiary obligations in April 2001. His claim was denied on July 31, 2001, and Mr. Medrano filed a notice of disagreement ("NOD").

The RO construed the NOD to state a new and separate claim for compensation for depression. The depression claim was denied in October 2002, at which point Mr. Medrano obtained representation, and filed another NOD. Mr. Medrano was provided with a separate Statement of the Case ("SOC") for each of the two claims on appeal. Throughout 2003, the RO and Mr. Medrano communicated, and, when counsel submitted additional medical evidence, the RO readjudicated Mr. Medrano's claims through several Supplemental Statements of the Case ("SSOC"). It was not until December 4, 2003, however, that the RO provided Mr. Medrano with a VCAA-compliant notice for his depression claim. In response to the VCAA notice letter regarding the depression claim, Mr. Medrano's counsel wrote to the RO that "[t]he veteran has nothing more to submit and requests immediate certification and transfer of the matter to the Board."

On appeal to the Board, Mr. Medrano argued that the VA had not met its obligations under the VCAA, 38 U.S.C. § 5103, which requires that the VA provide notice to the veteran of the evidence he must submit in support of his claim. The Board

agreed with Mr. Medrano that the required VCAA notice regarding the depression claim had not been provided until after the initial adjudication of his claim, and was therefore untimely. However, it determined that the "error was nonprejudicial because, upon receipt of content-complying notice, the veteran did not produce any additional information or evidence. Again, in January 2004 [after receipt of VCAA-compliant notice] he indicated he had nothing more to submit." With respect to the claim for PTSD, the Board found that notice was proper, and denied the claim.

The Veterans Court affirmed the Board's denial of both claims. The Veterans Court reviewed the Board's harmless error determination without deference, but ultimately reached the same conclusion. The court explained that in general, notice is required prior to the initial adjudication. Medrano, 21 Vet. App. at 169 (citing Mayfield v. Nicholson, 444 F.3d 1328, 1333 (Fed. Cir. 2006) ("Mayfield II")). Relying on Mayfield v. Nicholson, 20 Vet. App. 537, 541–42 (2006) ("Mayfield III"), aff'd, 499 F.3d 1317 (Fed. Cir. 2007) ("Mayfield IV"), however, the Veterans Court noted that a re-adjudication of a claim through the SSOC procedure could cure the originally improper notice. Medrano, 21 Vet. App. at 172. The court then extended that principal. It held:

> If, after VA provides content-compliant VCAA notice—albeit in an untimely manner—and a claimant, who is represented by an attorney, subsequently informs VA that there is no further evidence to submit, the failure by the RO to conduct a subsequent readjudication is not prejudicial because the result of such a readjudication would be no different than the previous adjudication.

Medrano, 21 Vet. App. at 173.

**DISCUSSION**

We have jurisdiction to review the Veterans Court's decision under 38 U.S.C. § 7292. We review the Veterans Court's interpretation of a statute de novo. Boggs v. Peake, 520 F.3d 1330, 1333 (Fed. Cir. 2008). Mr. Medrano makes two related challenges to the decision below, both of which are related to the "rule of prejudicial error" and how it has been applied in this case. Neither has merit.

First, Mr. Medrano argues that the Veterans Court's decision should be reversed on the ground that the Board lacks jurisdiction to consider harmless error. The Board's jurisdiction is set out in 38 U.S.C. § 7104 (2006), which provides for "one review on appeal to the Secretary" for any question "subject to decision by the Secretary" under 38 U.S.C. § 511(a) (2006). The statute is silent as to whether the Board should consider harmless error. This is in contrast to the Veterans Court's jurisdictional grant, which explicitly provides that that court must "take due account of the rule of prejudicial error." 38 U.S.C. § 7261(b)(2) (2006).

According to Mr. Medrano, because the Board and the Veterans Court have jurisdictional grants with different discussions of prejudicial error, the two bodies must have different authority to consider that question. In particular, Mr. Medrano refers to Russello v. United States for the proposition that "where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." 464 U.S. 16, 23 (1983) (internal quotation marks and brackets omitted).

Regardless of the merits of this argument, Mr. Medrano does not adequately explain why the Board's discussion, even if improper, impacts our analysis of the decision we review here, namely, the decision of the Veterans Court. We lack jurisdiction to review decisions of the Board. The jurisdictional statute which gives this court authority to conduct the present review states that we may provide a "review of the [Veterans Court's] decision with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a) (2006) (emphasis added). The decision by the Veterans Court expressly declined to rely on the Board's analysis of harmless error. It stated:

> Deferring to any Board determinations in the context of prejudicial error would be tantamount to ceding the authority that Congress has vested in this Court; reassignment of the Court's statutory obligation is something we are not inclined, nor authorized, to do. Accordingly, the Court will review Board determinations of prejudicial error de novo, in other words, without any deference to the Board.

Medrano, 21 Vet. App. at 171. The Veterans Court could not have more clearly stated that it properly undertook its statutorily mandated consideration of the rule of harmless error, and that it did not rely on the Board's analysis in any way. We may consider only whether any error has been shown in the Veterans Court's decision under review. Here, that decision does not rely on the Board's authority to consider harmless error, and thus we cannot review the scope of that authority. Accordingly, we dismiss this portion of the appeal.

Second, Mr. Medrano argues that the Veterans Court failed to apply a presumption of prejudice in his favor when considering whether the timing of notice

error was harmless, and that he was entitled to such a presumption. In <u>Sanders v. Nicholson</u>, 487 F.3d 881 (Fed. Cir. 2007), this court held that any defect in VCAA notice leads to a rebuttable presumption that the veteran was prejudiced by that error. After oral argument in Mr. Medrano's case, however, the Supreme Court reversed this court's holding in <u>Sanders</u>. <u>Shinseki v. Sanders</u>, No. 07-1209, 2009 WL 1045952 (U.S. April 21, 2009). The Court rejected the Federal Circuit's reasoning in part because "the Federal Circuit's framework requires the VA, not the claimant, to explain why the error is harmless. This Court has said that the party that seeks to have a judgment set aside because of an erroneous ruling carries the burden of showing that prejudice resulted." <u>Id.</u> at *9 (internal quotation marks omitted). In light of the Supreme Court's holding, Mr. Medrano's assertion of error fails.

In the decision under review, the Veterans Court properly considered the rule of harmless error and found that the VA had established that the timing of notice error was harmless. We therefore dismiss-in-part and affirm-in part.